UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SEOUL SEMICONDUCTOR CO., LTD.

    Plaintiff,

v.

CRAIG ELECTRONICS, INC.

    Defendant.

**JURY TRIAL DEMANDED**

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Seoul Semiconductor Co., Ltd. ("SSC"), for its complaint against Defendant Craig Electronics, Inc. ("Craig"), alleges as follows:

**INTRODUCTION**

1. SSC brings this action against Craig to seek remedies for Craig's infringement of U.S. Patent Nos. 7,964,943 ("the '943 patent"), 7,572,653 ("the '653 patent"), 6,942,731 ("the '731 patent"), 6,473,554 ("the '554 patent"), and 6,007,209 ("the '209 patent") (together, "the Asserted Patents") through its use, sales, offers for sale, making, and importation of infringing LED televisions, as detailed below.

**PARTIES**

2. Plaintiff SSC is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeongggi-do, Korea 425-851.  SSC is the assignee of the entire right, title, and interest in each of the Asserted Patents.

3.       Upon information and belief, Defendant Craig is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 1160 NW 163rd Drive, Miami, FL 33169.

## JURISDICTION AND VENUE

4.       This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.       This Court has personal jurisdiction over Craig.  Upon information and belief, Craig is incorporated under the laws of the State of Florida and has its principal place of business in this District.  Craig also has significant contacts with this forum because Craig manufactures (directly or indirectly through third-party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in this District.  Upon information and belief, Craig, directly and/or through its distribution network, places infringing devices within the stream of commerce, with the knowledge and/or understanding that such infringing devices will be sold in this District.  Upon information and belief, Craig has operated, conducted, engaged in, or carried on a business or business venture in this District and that the causes of action herein arise from these acts.  Upon information and belief, Craig has committed a tortious act within this District.  Upon information and belief, Craig has engaged in substantial and not isolated activity within this District.  Therefore, exercise of jurisdiction over Craig will not offend traditional notions of fair play and substantial justice.

6.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  Upon information and belief, Defendant Craig is incorporated under the laws of the State of Florida and has its principal place of business in this District.  Craig conducts substantial

business directly and/or through third parties or agents in this District by selling and/or offering to sell the infringing products and/or by conducting other business in this District.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,964,943

7. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

8. The '943 patent, titled "Light Emitting Device," was duly and lawfully issued on June 21, 2011. A true and correct copy of the '943 patent is attached to this Complaint as Exhibit 1.

9. SSC is the owner of all rights, title, and interest in the '943 patent, including the right to bring this suit for injunctive relief and damages.

10. Upon information and belief, Craig has been and is currently directly infringing and inducing infringement of one or more claims of the '943 patent, including without limitation claim 1, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Craig CLC512E LED television (the "'943 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a) and (b).

11. Craig has had knowledge of SSC's patented technology, including the '943 patent, prior to the initiation of this action. Specifically, Craig has been aware of the '943 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC. The letter explicitly identified the '943 patent, informed Craig of its infringing activity, and requested that Craig cease and desist any and all infringing activity.

12. Upon information and belief, despite its knowledge of the '943 patent and its infringing activity, Craig has been inducing infringement of the '943 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors

to use, sell, offer for sale, and import the '943 Infringing Products in a manner that constitutes infringement of one or more claims of the '943 Patent. For example, upon information and belief, Craig is selling its '943 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Craig actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '943 Infringing Products. Upon information and belief, Craig's customers, retailers, and distributors directly infringe the '943 patent by using, selling, offering for sale, and importing in the United States the '943 Infringing Products. Upon information and belief, Craig knows that by using, selling, offering for sale, and importing the '943 Infringing Products its customers, retailers, and distributors directly infringe the '943 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

13. Craig's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Craig's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

14. SSC has been and continues to be damaged by Craig's infringement of the '943 patent in an amount to be determined at trial.

15. Upon information and belief, Craig's infringement of the '943 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

16. Upon information and belief, Craig's infringement of the '943 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,572,653**

17. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

18. The '653 patent, titled "Method of Fabricating Light Emitting Diode," was duly and lawfully issued on August 11, 2009. A true and correct copy of the '653 patent is attached to this Complaint as Exhibit 2.

19. SSC is the owner of all rights, title, and interest in the '653 patent, including the right to bring this suit for injunctive relief and damages.

20. Upon information and belief, Craig has been and is currently directly infringing and inducing infringement of one or more claims of the '653 patent, including without limitation claim 11, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Craig CLC512E LED television (the "'653 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(b) and (g).

21. Upon information and belief, the light emitting diodes contained in the '653 Infringing Products are made by the methods claimed in the '653 patent. Upon information and belief, at least some of the light emitting diodes are manufactured outside of the United States. Upon information and belief, the light emitting diodes are not materially changed by subsequent processes, and do not become trivial and nonessential components of another product, including the '653 Infringing Products.

22. Craig has had knowledge of SSC's patented technology, including the '653 patent, prior to the initiation of this action. Specifically, Craig has been aware of the '653 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from

SSC.  The letter explicitly identified the '653 patent, informed Craig of its infringing activity, and requested that Craig cease and desist any and all infringing activity.

23.     Upon information and belief, despite its knowledge of the '653 patent and its infringing activity, Craig has been inducing infringement of the '653 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors to use, sell, offer for sale, and import the '653 Infringing Products in a manner that constitutes infringement of one or more claims of the '653 Patent.  For example, upon information and belief, Craig is selling its '653 Infringing Products to its customers, retailers, and distributors.  Further, upon information and belief, Craig actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '653 Infringing Products.  Upon information and belief, Craig's customers, retailers, and distributors directly infringe the '653 patent by using, selling, offering for sale, and importing in the United States the '653 Infringing Products.  Upon information and belief, Craig knows that by using, selling, offering for sale, and importing the '653 Infringing Products its customers, retailers, and distributors directly infringe the '653 Patent.  Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

24.     Craig's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Craig's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

25.     SSC has been and continues to be damaged by Craig's infringement of the '653 patent in an amount to be determined at trial.

26.     Upon information and belief, Craig's infringement of the '653 patent is willful and deliberate, and justifies an increase in damages in accordance with 35 U.S.C. § 284.

27.     Upon information and belief, Craig's infringement of the '653 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,942,731

28.     SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

29.     The '731 patent, titled "Method for Improving the Efficiency of Epitaxially Produced Quantum Dot Semiconductor Components," was duly and lawfully issued on September 13, 2005.  A true and correct copy of the '731 patent is attached to this Complaint as Exhibit 3.

30.     SSC is the owner of all rights, title, and interest in the '731 patent, including the right to bring this suit for injunctive relief and damages.

31.     Upon information and belief, Craig has been and is currently directly infringing and inducing infringement of one or more claims of the '731 patent, including without limitation claim 1, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Craig CLC512E LED television (the "'731 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(b) and (g).

32.     Upon information and belief, the semiconductor quantum dot components contained in the '731 Infringing Products are made by the methods claimed in the '731 patent. Upon information and belief, at least some of the semiconductor quantum dot components are manufactured outside of the United States.  Upon information and belief, the semiconductor quantum dot components are not materially changed by subsequent processes, and do not

7

become trivial and nonessential components of another product, including the '731 Infringing Products.

33. Craig has had knowledge of SSC's patented technology, including the '731 patent, prior to the initiation of this action. Specifically, Craig has been aware of the '731 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC. The letter explicitly identified the '731 patent, informed Craig of its infringing activity, and requested that Craig cease and desist any and all infringing activity.

34. Upon information and belief, despite its knowledge of the '731 patent and its infringing activity, Craig has been inducing infringement of the '731 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors to use, sell, offer for sale, and import the '731 Infringing Products in a manner that constitutes infringement of one or more claims of the '731 Patent. For example, upon information and belief, Craig is selling its '731 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Craig actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '731 Infringing Products. Upon information and belief, Craig's customers, retailers, and distributors directly infringe the '731 patent by using, selling, offering for sale, and importing in the United States the '731 Infringing Products. Upon information and belief, Craig knows that by using, selling, offering for sale, and importing the '731 Infringing Products its customers, retailers, and distributors directly infringe the '731 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

35. Craig's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Craig's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

36. SSC has been and continues to be damaged by Craig's infringement of the '731 patent in an amount to be determined at trial.

37. Upon information and belief, Craig's infringement of the '731 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

38. Upon information and belief, Craig's infringement of the '731 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,473,554**

39. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

40. The '554 patent, titled "Lighting Apparatus Having a Low Profile," was duly and lawfully issued on October 29, 2002. A true and correct copy of the '554 patent is attached to this Complaint as Exhibit 4.

41. SSC is the owner of all rights, title, and interest in the '554 patent, including the right to bring this suit for injunctive relief and damages.

42. Upon information and belief, Craig has been and is currently directly infringing and inducing infringement of one or more claims of the '554 patent, including without limitation claim 38, by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Craig CLC512E LED

television (the "554 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a) and (b).

43. Craig has had knowledge of SSC's patented technology, including the '554 patent, prior to the initiation of this action. Specifically, Craig has been aware of the '554 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC. The letter explicitly identified the '554 patent, informed Craig of its infringing activity, and requested that Craig cease and desist any and all infringing activity.

44. Upon information and belief, despite its knowledge of the '554 patent and its infringing activity, Craig has been inducing infringement of the '554 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors to use, sell, offer for sale, and import the '554 Infringing Products in a manner that constitutes infringement of one or more claims of the '554 Patent. For example, upon information and belief, Craig is selling its '554 Infringing Products to its customers, retailers, and distributors. Further, upon information and belief, Craig actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '554 Infringing Products. Upon information and belief, Craig's customers, retailers, and distributors directly infringe the '554 patent by using, selling, offering for sale, and importing in the United States the '554 Infringing Products. Upon information and belief, Craig knows that by using, selling, offering for sale, and importing the '554 Infringing Products its customers, retailers, and distributors directly infringe the '554 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

45. Craig's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Craig's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

46. SSC has been and continues to be damaged by Craig's infringement of the '554 patent in an amount to be determined at trial.

47. Upon information and belief, Craig's infringement of the '554 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

48. Upon information and belief, Craig's infringement of the '554 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,007,209

49. SSC incorporates by reference the preceding averments set forth in paragraphs 1-6.

50. The '209 patent, titled "Light Source for Backlighting," was duly and lawfully issued on December 28, 1999.  A true and correct copy of the '209 patent is attached to this Complaint as Exhibit 5.

51. SSC is the owner of all rights, title, and interest in the '209 patent, including the right to bring this suit for injunctive relief and damages.

52. Upon information and belief, Craig has been and is currently directly infringing and inducing infringement of one or more claims of the '209 patent, including without limitation claim 1, by making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products, including without limitation the Craig

CLC512E LED television (the "'209 Infringing Products"), including without limitation under 35 U.S.C. §§ 271(a), (b), and (g).

53.     Upon information and belief, the backlights for flat panel displays contained in the '7209 Infringing Products are made by the methods claimed in the '7209 patent.  Upon information and belief, at least some of the backlights for flat panel displays are manufactured outside of the United States.  Upon information and belief, the backlights for flat panel displays are not materially changed by subsequent processes, and do not become trivial and nonessential components of another product, including the '7209 Infringing Products.

54.     Craig has had knowledge of SSC's patented technology, including the '209 patent, prior to the initiation of this action.  Specifically, Craig was made aware of the '209 patent and its infringement at least since July 21, 2014, when it received a cease-and-desist letter from SSC.  This letter explicitly identified the '209 patent, informed Craig of its infringing activity, and requested that Craig cease and desist any and all infringing activity.

55.     Upon information and belief, despite its knowledge of the '209 patent and its infringing activity, Craig has been inducing infringement of the '209 patent by, among other things, knowingly and with intent, actively encouraging its customers, retailers, and distributors to use, sell, offer for sale, and import the '209 Infringing Products in a manner that constitutes infringement of one or more claims of the '209 Patent.  For example, upon information and belief, Craig is selling its '209 Infringing Products to its customers, retailers, and distributors.  Further, upon information and belief, Craig actively entices its customers, retailers, and distributors through advertising, marketing and sales activity to use, sell, offer for sale, and import its '209 Infringing Products.  Upon information and belief, Craig's customers, retailers, and distributors directly infringe the '209 patent by using, selling, offering for sale, and

importing in the United States the '209 Infringing Products. Upon information and belief, Craig knows that by using, selling, offering for sale, and importing the '209 Infringing Products its customers, retailers, and distributors directly infringe the '209 Patent. Upon information and belief, this inducing activity is ongoing and has not stopped since the initiation of this action.

56. Craig's infringing activities have caused and will continue to cause SSC irreparable harm, for which it has no adequate remedy at law, unless Craig's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

57. SSC has been and continues to be damaged by Craig's infringement of the '209 patent in an amount to be determined at trial.

58. Upon information and belief, Craig's infringement of the '209 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

59. Upon information and belief, Craig's infringement of the '209 patent is exceptional and entitles SSC to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, SSC prays for a judgment in favor of SSC and against Craig as follows:

(a) That Craig has directly infringed each of the '943, '653, '731, '554, and '209 patents;

(b) That Craig has indirectly infringed each of '943, '653, '731, '554, and '209 patents;

(c) An order enjoining Craig and each of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them

and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '943, '653, '731, '554, and '209 patents;

    (d)    A full accounting for and an award of damages to SSC for Craig's infringement of the '943, '653, '731, '554, and '209 patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

    (e)    That Craig's infringement of each of the Asserted Patents is willful and deliberate, and therefore, that SSC is entitled to increased damages as provided by 35 U.S.C. § 284;

    (f)    That this case is "exceptional" within the meaning of 35 U.S.C. § 285 entitling SSC to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

    (g)    Such other and further equitable or legal relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

SSC hereby demands trial by jury on all issues so triable.

DATED: July 22, 2014

Respectfully submitted,

**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**

*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Regan N. Kruse (Fla. Bar No. 84404)
rkruse@astidavis.com
1001 Brickell Bay Drive, Ninth Floor
Miami, Florida 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

*Attorneys for Plaintiff*
*Seoul Semiconductor Co., Ltd.*

*Of Counsel:*

David C. Radulescu, Ph.D.*
Tigran Vardanian*
Robin M. Davis*
Michael D. Sadowitz*
Daniel Kesack*
RADULESCU LLP
136 Madison Ave., 5th Floor
Tel: (646) 502-5950
Fax: (646) 502-5959
david@radulescullp.com
tigran@radulescullp.com
robin@radulescullp.com
mike@radulescullp.com
daniel@radulescullp.com

*Pro hac vice to be filed