United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Seoul Semiconductor Co., Ltd., Plaintiff<br><br>v.<br><br>Craig Electronics, Inc., Defendant | Civil Action No. 14-22728-Civ-Scola |

### Order Requiring Discovery And Scheduling Conference And Order Referring Discovery Matters To The Magistrate Judge

THIS MATTER is before the Court upon an independent review of the record. It is **ordered and adjudged** as follows:

1. The Plaintiff must forward a copy of this Order to every Defendant immediately upon the filing of a response to the complaint by a Defendant in this case. If this matter has been removed from state court, the removing Defendant must immediately forward a copy of this Order to every party who has made an appearance in the state court action.

2. Within twenty-one days of the filing of a response to the complaint by a Defendant in this matter, the parties must meet and confer regarding discovery and scheduling issues, as set out in Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b).

3. Within fourteen days of the parties' discovery and scheduling conference, the parties must file a joint discovery plan and conference report, as set forth in Federal Rule of Civil Procedure 26(f)(3) and Local Rule 16.1(b)(2). The parties should note that Federal Rule of Civil Procedure 26(f)(3)(B) and Local Rule 16.1(b)(C) requires the joint discovery plan and conference report to state the parties' proposed time limit to complete discovery.

4. The parties do not need to submit a joint proposed scheduling order pursuant to Local Rule 16.1(b)(3). Recognizing the complexity of most patent cases, it is this Court's practice to set patent cases on a protracted schedule. This protracted case track requires the parties to exchange proposed terms for construction approximately three months from of the date of the Court's Scheduling Order, and to complete fact discovery approximately one year from the entry of the Scheduling Order. The Court's patent case track is set forth in Attachment "A" to this Order. If the parties believe that this case is more straightforward than the typical patent case, and would benefit from a more expedited case track, the parties must set out the reasons justifying an expedited schedule along with a proposed schedule of trial and pretrial deadlines.

5. <u>Magistrate Judge Referral</u>.  By virtue of 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the Court **refers** all discovery motions in this case to Magistrate Judge Alicia M. Otazo-Reyes to take all necessary and proper action as required by law.

6. <u>Settlement Conference Before Magistrate Judge</u>.  The parties may, at any time, file a motion requesting a settlement conference before Magistrate Judge Alicia M. Otazo-Reyes.  The Court encourages the parties to consider a confidential settlement conference with Judge Otazo-Reyes, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

7. <u>Discovery Motion Procedures</u>.  Discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good-faith conference) will be handled on an **expedited briefing schedule** and with a **shortened page limitation**, to prevent delay to the pretrial schedule.  The parties must file responses and replies to discovery motions no later than seven days after a motion, or response, is filed.  These deadlines are inclusive of the "mailing" days allotted by the Federal and Local Rules.  Any contrary deadlines that may appear on the Court's docket or the attorneys' deadline report, generated by CM/ECF, cannot modify this Order.

Any discovery motion and response, including the incorporated memorandum of law, may not exceed ten pages.  Any reply memoranda may not exceed five pages.  Also, the parties should note that Federal Rule of Civil Procedure 29 permits parties to stipulate to extend the time for responding to interrogatories, requests for production, or requests for admissions, unless such extension would interfere with the deadline set for completing discovery, for hearing a motion, or for trial.

**Done and ordered** in chambers, at Miami, Florida, on August 1, 2014.

_____
Robert N. Scola, Jr.
United States District Judge

**Attachment "A" to the Order Requiring**
**Discovery and Scheduling Conference**

| Days After Entry of The Scheduling Order | |
|---|---|
| 14 | Deadline for a party claiming patent infringement to serve Disclosure of Asserted Claims and Infringement Contentions and make accompanying document production. |
| 28 | Deadline to join additional parties or to amend pleadings. |
| 45 | Deadline for a party opposing a claim of patent infringement or asserting invalidity or unenforceability to serve Non-Infringement, Unenforceability, and Invalidity Contentions and make accompanying document production. |
| 80 | Deadline to Exchange Proposed Terms for Construction.<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition. |
| 110 | Deadline to Exchange of Preliminary Claim Constructions and Extrinsic Evidence. |
| 150 | Deadline to file joint interim status report. |
| 160 | Deadline to File Joint Claim Construction and Prehearing Statement. |
| 180 | Deadline to Complete Claim Construction Discovery.<br><br>Deadline to file a motion to stay the lawsuit pending reexamination in the U.S. Patent Office.<br><br>Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation. |
| 194 | Deadline to file opening Claim Construction brief and deadline to file opening brief asserting claims for invalidity and unenforceability. |
| 270 | Deadline to provide information regarding advice of counsel. (If the Court has not yet ruled on claim construction the |

|  | parties should file a motion to extend this date.) |
|---|---|
| 300 | Deadline to complete fact discovery. |
|  | Deadline to disclose the identity of expert witnesses, and to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(C)(ii). |
| 310 | Deadline to complete mediation. |
| 345 | Deadline to complete all expert discovery. |
| 355 | Deadline for the filing of all dispositive motions and *Daubert* motions. |
| 45 days BEFORE calendar call | Deadline for the filing of pretrial motions, including motions *in limine*. |
| 10 days BEFORE the trial date | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). |
|  | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |
| 1 week before trial period commences | Calendar Call. |
| 480 (approximate) | Two-week trial period commences. |

United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Seoul Semiconductor Co., Ltd., Plaintiff<br><br>v.<br><br>Craig Electronics, Inc., Defendant | )<br>)<br>)<br>) Civil Action No. 14-22728-Civ-Scola<br>)<br>)<br>) |

**<u>Patent Rules</u>**

The Patent Rules contained in this Order will govern the proceedings in this case.[1] The timing and sequence will be governed by the Court's Scheduling Order. The parties must carefully review and comply with all of these rules. Failure to comply may result in the imposition of sanctions on the offending party, counsel, or both.

1. **Scope of Rules**

**1-1. Title**

These are the Patent Rules that govern patent proceedings before the undersigned judge. They should be cited as "P.R. ___."

**1-2. Scope and Construction**

These rules apply to all civil actions pending before Judge Robert N. Scola, Jr. in which a party makes a claim of infringement, non-infringement, invalidity, or unenforceability of a utility patent. The Local Rules of the Southern District of Florida also apply to this action, except to the extent that they are inconsistent with these Patent Rules.

**1-3. Modification of these Rules**

The Court may modify the obligations or deadlines set forth in these Patent Rules based on the circumstances of any particular case, including, without limitation, the simplicity or complexity of the cases as shown by the patents, claims, products, or parties involved. Before submitting any request for a modification, the parties must meet and confer for the purposes of reaching an agreement, if possible, upon any modification.

2. **General Provisions**

---

[1] These Patent Rules are taken largely from the Local Patent Rules in the Northern District of California and the Northern District of Illinois.

**2-1. Governing Procedure Initial Case Management Conference**. When the parties confer pursuant to Federal Rule of Civil Procedure 26(f), in addition to the matters covered by Rule 26, the parties must discuss and address in the Case Management Statement filed pursuant to Rule 26(f) and Local Rule 16.1(b) the following topics:

    (a) Proposed modification of the obligations or deadlines set forth in these Patent Rules to ensure that they are suitable for the circumstances of the particular case (*see* P.R. 1-3);

    (b) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court;

    (c) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing; and

    (d) How the parties intend to educate the court on the technology at issue.

**2-2. Confidentiality**

The Court will enter a protective order the same day it enters these Patent Rules. Any party may move the Court to modify the protective order for good cause. The filing of such a motion does not affect the requirement for or timing of any of the disclosures required by any Scheduling Order, or these Patent Rules. Discovery cannot be withheld on the basis of confidentiality, in the absence of a Court order.

**2-3. Certification of Disclosures**

All statements, disclosures, or charts filed or served in accordance with these Patent Rules must be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

**2-4. Admissibility of Disclosures**

The disclosures provided for in these Patent Rules are inadmissible as evidence on the merits. A party may use or make reference to these disclosures for any other appropriate purpose.

**2-5. Relationship to Federal Rules of Civil Procedure**

A party may not object to mandatory disclosures under Rule 26(a) or to a discovery request on the grounds that it conflicts with or is premature under these Patent Rules, except to the following categories of requests and disclosures:

(a) Requests seeking to elicit a party's claim construction position;
(b) Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;
(c) Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art;
(d) Requests to an accused infringer for its non-infringement contentions; and
(e) Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents.

3. **Patent Disclosures**
3-1. **Disclosure of Asserted Claims and Infringement Contentions**
A party claiming patent infringement must serve on all parties "Disclosure of Asserted Claims and Infringement Contentions" containing the following information:
(a) Identification of each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;
(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification must be as specific as possible.  Each product, device, and apparatus must be identified by name or model number, if known.  Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;
(d) For each claim that is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.  If alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.  For any claim under the doctrine of equivalents, the Initial Infringement Contentions must include an explanation of each function, way, and result that is equivalent any why any differences are not substantial;

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

(g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

(h) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

**3-2. Document Production Accompanying Disclosure**

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying the following:

(a) Documents (*e.g.*, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required under this Rule does not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent Rule 3-1(f), whichever is earlier;

(c) A copy of the file history for each patent in suit; and

(d) All documents evidencing ownership of the patent rights by the party asserting patent infringement.

(e) If a party identifies instrumentalities pursuant to Patent Rule 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

The producing party must separately identify by production number which documents correspond to each category.

**3-3. Non-Infringement, Unenforceability, and Invalidity Contentions**

Each party opposing a claim of patent infringement or asserting invalidity or unenforceability must serve upon all parties its "Non-Infringement, Unenforceability, and Invalidity Contentions" containing the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) A statement of whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art allegedly makes a claim obvious, include an identification of each combination of prior art showing obviousness;

(c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

    (d)    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims; and

    (e)    Unenforceability contentions must identify the acts allegedly supporting and all bases for the assertion of unenforceability.

**3-4. Document Production Accompanying Invalidity Contentions**

With the "Non-Infringement, Unenforceability, and Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

    (a)    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent Rule 3-1(c) chart; and

    (b)    A copy or sample of the prior art identified pursuant to Patent Rule 3-3(a) that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

The producing party must separately identify by production number which documents correspond to each category.

**3-5. Disclosure Requirement in Patent Cases Initiated by Complaint for Declaratory Judgment**

In a case initiated by a compliant for declaratory judgment in which a party files a pleading seeking a judgment that a patent is not infringed, is invalid, or is unenforceable, Patent Rule 3-1 and 3-2 will not apply unless a party makes a claim for patent infringement. If no claim for patent infringement is made, the party seeking a declaratory judgment must comply with Patent Rule 3-3 and 3-4 within 28 days after the parties' discovery and scheduling conference.

**3-6. Amendment to Contentions**

Amendment of the Infringement Contentions or the Invalidity Contentions may be made only with leave of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, in the absence of undue prejudice to the non-moving party, support a finding of good cause include the following:

    (a)    A claim construction by the Court different from that proposed by the party seeking amendment;

    (b)    Recent discovery of material, prior art despite earlier diligent search; and

    (c)    Recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

### 3-7. Advice of Counsel

Each party relying upon advice of counsel as part of a patent-related claim or defense for any reason must complete the following tasks:

    (a)    Produce or make available for inspection and copying any written advice and documents related to that advice for which the attorney-client and work product protection have been waived;

    (b)    Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related that advice for which the attorney-client and work product protection have been waived; and

    (c)    Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice that the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of Patent Rule 3-7 will not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

### 4. Claim Construction Proceedings

### 4-1. Exchange of Proposed Terms for Construction

    (a)    Each party must serve on each other party a list of claim terms that the party contends should be construed by the Court, and identify any claim term that the party contends should be governed by 35 U.S.C. § 112(6).

    (b)    The parties must then meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. The parties must also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

### 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence

    (a)    The parties must simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each

      such "Preliminary Claim Construction" must also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.

(b) At the same time the parties exchange their respective "Preliminary Claim Constructions," each party must also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence must be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party must also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

(c) The parties must then meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**4-3. Joint Claim Construction and Prehearing Statement**

The parties must complete and file a Joint Claim Construction and Prehearing Statement, containing the following information:

(a) The construction of those terms on which the parties agree;

(b) Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10. The parties must also identify any term among the 10 whose construction will be case or claim dispositive. If the parties cannot agree on the 10 most significant terms, the parties must identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it

        believes are the remaining most significant terms.  However, the total terms identified by all parties as most significant cannot exceed 10.  For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

(d)    The anticipated length of time necessary for the Claim Construction Hearing;

(e)    Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction; and

(f)    Unless otherwise ordered by the Court, the parties must provide the Court with a tutorial on the technology at issue no later than the date on which the opening claim construction briefs are due.  The tutorial should focus on the technology at issue.  It is not appropriate to present argument during the technology tutorial.  The parties may propose the format for the tutorial, including submitting DVDs of not more than 30 minutes explaining the technology, or at an in-court proceeding.

**4-4.  Completion of Claim Construction Discovery**

    The parties must complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent Rule 4-2) or Joint Claim Construction and Prehearing Statement (Patent Rule 4-3).

**4-5.  Claim Construction Briefs**

    Any party claiming patent infringement must serve and file an opening claim construction brief and any evidence supporting its claim construction.  Any party asserting invalidity or unenforceability must serve and file a brief and any evidence supporting its claim of invalidly or unenforceability.  Any motion for summary judgment on invalidity or unenforceability must be made at this time.

**4-7.  Claim Construction Hearing**

    Subject to the convenience of the Court's calendar, approximately three weeks following submission of the reply brief specified in Patent Rule 4-5(c), the Court will conduct a Claim Construction Hearing, to the extent

the parties or the Court believe a hearing is necessary for construction of the claims at issue.

**4-8. Good-faith Participation**

A failure to make a good-faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process of any of the provisions of Section 4 may expose counsel to sanctions, including under 28 U.S.C. § 1927.

**Done and ordered** in chambers, at Miami, Florida, on August 1, 2014.

_____
Robert N. Scola, Jr.
United States District Judge

United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Seoul Semiconductor Co., Ltd., Plaintiff | ) ) ) |
| v. | ) ) Civil Action No. 14-22728-Civ-Scola ) ) |
| Craig Electronics, Inc., Defendant | ) ) |

## **Protective Order**

    The Court recognizes that the parties to this case may request or produce information involving trade secrets, confidential research and development, or confidential commercial information. If this information is disclosed it is likely to cause harm to the party producing the information. Accordingly, the Court enters the following protective order under Federal Rule of Civil Procedure 26(c)(1) and **orders** as follows:

1. Definitions:
    a. "Party" means a named party in this case. "Person" means an individual or an entity.
    b. "Producer" means a person who produces information via the discovery process in this case.
    c. "Recipient" means a person who receives information via the discovery process in this case.
    d. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.
    e. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.
    f. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before

   the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.
2. Designation of information as Confidential or Highly Confidential:
   a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.
   b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.
   c. A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.
   d. A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.
   e. A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.
   f. If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party must notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer must then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation will be

applied 14 days after notice of the dispute unless within that 14-day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information will remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

3. Use and disclosure of Confidential or Highly Confidential information:
   a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.
   b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.
   c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 3(b)( i), (iv), (v), and (vi).
   d. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 3(b) or 3(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within 14 days after its execution. At least 14 days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written

      identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within 14 days after service of the identification. Unless the parties resolve the dispute within 14 days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

   e. Notwithstanding paragraph 3(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

   f. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 3(b) or 3(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may seek the Court's permission.

4. Copies: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

5. Inadvertent Disclosure: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine will be handled in accordance with Federal Rule of Evidence 502.

6. Filing with the Court: This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing Confidential or Highly Confidential information must move the Court, consistent with Local Rule 5.4 and before the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any Confidential or Highly Confidential information.

7. Document Disposal: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents

containing the producer's Confidential and Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

8. Survival of obligations: This order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case. **Done and ordered** in chambers, at Miami, Florida, on August 1, 2014.

Robert N. Scola, Jr.
United States District Judge

## Appendix 1

United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Name, Plaintiff | ) |
| | ) |
| v. | )  Civil Action No. 14-00000-Civ-Scola |
| | ) |
| Name, Defendant | ) |

### Undertaking of [insert name]

    I, [insert person's name], state the following under penalties of perjury as provided by law:

    I have been retained by [insert party's name] as an expert or consultant in connection with this case.  I will be receiving Confidential [and Highly Confidential] information that is covered by the Court's protective order dated [fill in date].  I have read the Court's protective order and understand that the Confidential [and Highly Confidential] information is provided pursuant to the terms and conditions in that order.

    I agree to be bound by the Court's protective order.  I agree to use the Confidential [and Highly Confidential] information solely for purposes of this case.  I understand that neither the Confidential [and Highly Confidential] information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order.  I agree to return the Confidential [and Highly Confidential] information and any notes concerning that information to the attorney for [insert name of retaining party] or to destroy the information and any notes at that attorney's request.

    I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order.  I give up any objections I might have to the Court's jurisdiction over me or to the propriety of venue in that Court.

 

_____
Signature

Subscribed and sworn to
before me this \_\_\_\_\_ day
of _____, 20\_\_\_\_

_____
Notary Public