UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-22728-SCOLA/Otazo-Reyes

SEOUL SEMICONDUCTOR CO., LTD.

                Plaintiff,                JURY TRIAL DEMANDED

vs

CRAIG ELECTRONICS, INC.

                Defendant.
_____/

**DEFENDANT CRAIG ELECTRONICS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant CRAIG ELECTRONICS INC. (hereinafter "Craig" or "Defendant"), by and through undersigned counsel, hereby answers Plaintiff SEOUL SEMICONDUCTOR CO., LTD. (hereinafter "Seoul" or "Plaintiff") Complaint (hereinafter the "Complaint") as follows:

## ANSWER TO THE COMPLAINT

### Introduction

1. Craig admits that Plaintiff purports this to be a claim for patent infringement. Craig denies all remaining allegations in paragraph 1 of the Complaint.

### Parties

2. Craig is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint, and, on that basis, denies same.

3. Craig admits the allegations in paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. Craig admits that Plaintiff purports to base this action on the Patent Laws of the United States, 35 U.S.C. § 1, et seq.  Craig admits that this Court has jurisdiction over the subject

matter of this action under 28 U.S.C. §§ 1331 and 1338 to the extent Plaintiff is able to demonstrate a proper claim for patent infringement.  Craig denies all remaining allegations in paragraph 4 of the Complaint.

5.  Craig admits that it is subject to personal jurisdiction in this judicial district, that it is registered to do business in Florida, that it is incorporated in Florida and that it has an agent for service of process in the State of Florida.  Craig also admits that it offers to sell, sells and imports products in and into this judicial district.  Craig denies all remaining allegations in paragraph 5 of the Complaint.

6.  Craig admits that venue is proper within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).  Craig denies all remaining allegations in paragraph 6 of the Complaint.

### Count I:  Purported Infringement of U.S. Patent No. 7,964,943

7.  Craig incorporates by reference its answers to the averments of paragraphs 1 through 6 as if fully set forth herein.

8.  Craig admits that the document attached to the Complaint as Exhibit 1, is entitled "Light Emitting Device" and states it was issued on June 21, 2011.  Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and, on that basis, denies same.

9.  Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10.  Craig denies the allegations contained in paragraph 10 of the Complaint.

11.  Craig admits that it received a letter purported to have been sent on behalf of Plaintiff on or about the same day that the Complaint was filed.  Craig states that said letter

2

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

speaks for itself. Craig denies all remaining allegations in paragraph 11 of the Complaint and specifically denies that the aforementioned letter provided notice of infringement to Craig or that Craig received any notice of infringement prior to immediately before the filing of the Complaint.

12. Craig denies the allegations contained in paragraph 12 of the Complaint.

13. Craig denies the allegations contained in paragraph 13 of the Complaint.

14. Craig denies the allegations contained in paragraph 14 of the Complaint.

15. Craig denies the allegations contained in paragraph 15 of the Complaint.

16. Craig denies the allegations contained in paragraph 16 of the Complaint.

**Count II: Purported Infringement of U.S. Patent No. 7,572,653**

17. Craig incorporates by reference its answers to the averments of paragraphs 1 through 6 as if fully set forth herein.

18. Craig admits that the document attached to the Complaint as Exhibit 2, is entitled "Method of Fabricating Light Emitting Diode," and states it was issued on August 11, 2009. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and, on that basis, denies same.

19. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Craig denies the allegations contained in paragraph 20 of the Complaint.

21. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Craig admits that it received a letter purported to have been sent on behalf of

3

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Plaintiff on or about the same day that the Complaint was filed. Craig states that said letter speaks for itself. Craig denies all remaining allegations in paragraph 22 of the Complaint and specifically denies that the aforementioned letter provided notice of infringement to Craig or that Craig received any notice of infringement prior to immediately before the filing of the Complaint.

23. Craig denies the allegations contained in paragraph 23 of the Complaint.

24. Craig denies the allegations contained in paragraph 24 of the Complaint.

25. Craig denies the allegations contained in paragraph 25 of the Complaint.

26. Craig denies the allegations contained in paragraph 26 of the Complaint.

27. Craig denies the allegations contained in paragraph 27 of the Complaint.

**Count III: Purported Infringement of U.S. Patent No. 6,942,731**

28. Craig incorporates by reference its answers to the averments of paragraphs 1 through 6 as if fully set forth herein.

29. Craig admits that the document attached to the Complaint as Exhibit 3, is entitled "Method for Improving the Efficiency of Epitxially Produced Quantum Dot Semiconductor Components," and states it was issued on September 13, 2005. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and, on that basis, denies same.

30. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Craig denies the allegations contained in paragraph 31 of the Complaint.

32. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

33. Craig admits that it received a letter purported to have been sent on behalf of Plaintiff on or about the same day that the Complaint was filed. Craig states that said letter speaks for itself. Craig denies all remaining allegations in paragraph 33 of the Complaint and specifically denies that the aforementioned letter provided notice of infringement to Craig or that Craig received any notice of infringement prior to immediately before the filing of the Complaint.

34. Craig denies the allegations contained in paragraph 34 of the Complaint.

35. Craig denies the allegations contained in paragraph 35 of the Complaint.

36. Craig denies the allegations contained in paragraph 36 of the Complaint.

37. Craig denies the allegations contained in paragraph 37 of the Complaint.

38. Craig denies the allegations contained in paragraph 38 of the Complaint.

**Count IV: Purported Infringement of U.S. Patent No. 6,473,554**

39. Craig incorporates by reference its answers to the averments of paragraphs 1 through 6 as if fully set forth herein.

40. Craig admits that the document attached to the Complaint as Exhibit 4, is entitled "Lighting Apparatus Having a Low Profile," and states it was issued on October 29, 2002. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint, and, on that basis, denies same.

41. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. Craig denies the allegations contained in paragraph 42 of the Complaint.

43. Craig admits that it received a letter purported to have been sent on behalf of Plaintiff on or about the same day that the Complaint was filed. Craig states that said letter

5

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

speaks for itself.  Craig denies all remaining allegations in paragraph 43 of the Complaint and specifically denies that the aforementioned letter provided notice of infringement to Craig or that Craig received any notice of infringement prior to immediately before the filing of the Complaint.

44. Craig denies the allegations contained in paragraph 44 of the Complaint.

45. Craig denies the allegations contained in paragraph 45 of the Complaint.

46. Craig denies the allegations contained in paragraph 46 of the Complaint.

47. Craig denies the allegations contained in paragraph 47 of the Complaint.

48. Craig denies the allegations contained in paragraph 48 of the Complaint.

**Count V:  Purported Infringement of U.S. Patent No. 6,007,209**

49. Craig incorporates by reference its answers to the averments of paragraphs 1 through 6 as if fully set forth herein.

50. Craig admits that the document attached to the Complaint as Exhibit 5, is entitled "Light Source for Backlighting," and states it was issued on December 8, 1999.  Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint, and, on that basis, denies same.

51. Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies same.

52. Craig denies the allegations contained in paragraph 52 of the Complaint.

53. Craig states that the allegations in paragraph 53 of the Complaint are not amenable to an answer insofar as the terms "'7209 Infringing Products" and "'7209 Patent" have not been defined and are vague and ambiguous.  In an abundance of caution, to the extent the aforementioned terms were deemed to be sufficiently specific, Craig would state that it is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and, therefore, denies same.

54. Craig admits that it received a letter purported to have been sent on behalf of Plaintiff on or about the same day that the Complaint was filed. Craig states that said letter speaks for itself. Craig denies all remaining allegations in paragraph 54 of the Complaint and specifically denies that the aforementioned letter provided notice of infringement to Craig or that Craig received any notice of infringement prior to immediately before the filing of the Complaint.

55. Craig denies the allegations contained in paragraph 55 of the Complaint.

56. Craig denies the allegations contained in paragraph 56 of the Complaint.

57. Craig denies the allegations contained in paragraph 57 of the Complaint.

58. Craig denies the allegations contained in paragraph 58 of the Complaint.

59. Craig denies the allegations contained in paragraph 59 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Craig states that Plaintiff's prayer for relief does not require a response

Craig denies that Plaintiff is entitled to any relief whatsoever as prayed or otherwise.

Craig denies each and every allegation of the Complaint not already admitted or denied and further denies that Plaintiff is entitled to any relief whatsoever from Craig on the basis of any of the purported claims for relief contained in the Complaint.

## **AFFIRMATIVE DEFENSES**

For further answer by way of affirmative defenses, Craig respectfully states as follows:

**CASE NO. 1:14-CV-22728-SCOLA/Otazo-Reyes**

**FIRST AFFIRMATIVE DEFENSE**

1. Craig has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any purportedly valid claim of the '943, '653, '731, '554, and '209 Patents (collectively the "Asserted Patents").

**SECOND AFFIRMATIVE DEFENSE**

2. The Asserted Patents, and each and every claim thereof, are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, and 132, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

**FIFTH AFFIRMATIVE DEFENSE**

5. Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Asserted Patents, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiff is estopped from asserting that at least some of the claims of the Asserted Patents cover and include any Craig products alleged to infringe the Asserted Patents under the doctrine of equivalents.

**SIXTH AFFIRMATIVE DEFENSE**

6. On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7. One or more of the Asserted Patents are unenforceable due to, and Plaintiff's claims against Craig for infringement of the Asserted Patents are barred in whole or in part by, the equitable doctrine of prosecution laches.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff has not suffered and will not suffer any injury or damages by way to the acts and conduct alleged in its Complaint.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff is not entitled to equitable relief because it has an adequate remedy at law.

### TENTH AFFIRMATIVE DEFENSE

10. On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

11. On information and belief, Plaintiff's claims are barred, in whole or in part, by waiver.

Craig reserves the right to amend its Answer to include additional affirmative defenses as warranted by facts discovered during litigation.

### **DEMAND FOR JURY TRIAL**

Craig demands a trial by jury on all issues so triable.

### **PRAYER FOR RELIEF**

WHEREFORE, CRAIG ELECTRONICS, INC. respectfully requests that this court enter a judgment in its favor and against Plaintiff and grant relief as follows:

9

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

    A.      That Plaintiff recover nothing and that its Complaint be dismissed with prejudice;

    B.      Declaring the Asserted Patents invalid and unenforceable;

    C.      Declaring the Asserted Patents have not been infringed by Craig;

    D.      Dismissing Plaintiff's Complaint with prejudice;

    E.      Awarding recovery of Craig's costs in defending the instant lawsuit, including reasonable attorneys' fees;

    F.      Granting such further and other relief as the Court deems just and proper.

## AMENDED COUNTERCLAIMS

Defendant CRAIG ELECTRONICS, INC. (hereinafter "Craig"), by and through undersigned counsel, hereby files its Amended Counterclaims against Plaintiff SEOUL SEMICONDUCTORS CO., LTD. (hereinafter "Seoul") seeking declaratory judgments under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, hereby alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1, et seq., as amended, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

2. This Court has exclusive original jurisdiction over the subject matter of this action. Exclusive jurisdiction for any action arising under any Act of Congress relating to patents is conferred on U.S. district courts pursuant to 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Seoul because Seoul has purposefully availed itself to commercial activities in this forum and this Counterclaim arises out of those activities.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b) because a substantial part of the events giving rise to the Counterclaim alleged herein occurred in this District and, on information and belief, Seoul conducts business in this District.

10

LOTT & FISCHER, PL • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

**CASE NO. 1:14-CV-22728-SCOLA/Otazo-Reyes**

## THE PARTIES

5. Craig is a Florida Corporation with its principal place of business in Miami Gardens, Florida.

6. Upon information and belief based solely on Paragraph 2 of the Complaint, Seoul is a Republic of Korea corporation, with its principal place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeongggi-do, Korea 425-851.

## FACTUAL ALLEGATIONS

7. Upon information and belief based solely on paragraph 8 of the Complaint, on or about June 21, 2011 United States Patent No. 7,964,943 (hereinafter "the '943 Patent"), entitled "Light Emitting Device" was issued.

8. Upon information and belief based solely on paragraph 18 of the Complaint, on or about August 11, 2009 United States Patent No. 7,572,653 (hereinafter "the '653 Patent"), entitled "Method of Fabricating Light Emitting Diode" was issued.

9. Upon information and belief based solely on paragraph 29 of the Complaint, on or about September 13, 2005 United States Patent No. 6,942,731 (hereinafter "the '731 Patent"), entitled "Method for Improving the Efficiency of Epitaxially Produced Quantum Dot Semiconductor Components" was issued.

10. Upon information and belief based solely on paragraph 40 of the Complaint, on or about October 29, 2002 United States Patent No. 6,473,554 (hereinafter "the '554 Patent"), entitled "Lighting Apparatus Having a Low Profile" was issued.

11. Upon information and belief based solely on paragraph 50 of the Complaint, on or about December 28, 1999 United States Patent No. 6,007,209 (hereinafter "the '209 Patent"), entitled "Light Source for Backlighting" was issued.

12. Upon information and belief based solely on paragraphs 9, 19, 30, 41, and 51 of the Complaint, Seoul purports to be the owner by assignment of the '943 Patent, the '653 Patent, the '731 Patent, the '554 Patent, and the '209 Patent (collectively the "Patents-In-Suit").

13. On July 22, 2014, Plaintiff filed the Complaint in this action alleging infringement of the Patents-In-Suit by Craig. See [DE 1].

## COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '943 PATENT BY CRAIG

14. Craig realleges and incorporate by reference paragraphs 1 through 13 of this Counterclaim as if fully set forth herein.

15. This is an action for a declaratory judgment of non-infringement by Craig of the '943 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Seoul has alleged that Craig infringes, directly and indirectly, the '943 patent by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products including without limitation the Craig CLC512E LED television (the "'943 Accused Products"), and by actively inducing others to use, sell, offer for sale, and import the '943 Accused Products.

17. The filing of this action by Seoul, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '943 Patent.

18. Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, any claim of the '943 Patent neither by using, offering for sale or selling in the United States, or by importing into the United States, the '943 Accused Products, nor by actively inducing others to use, sell, offer for sale, or import the '943 Accused Products.

## COUNT II
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '653 PATENT BY CRAIG

19. Craig realleges and incorporate by reference paragraphs 1 through 13 of this Counterclaim as if fully set forth herein.

20. This is an action for a declaratory judgment of non-infringement by Craig of the '653 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

12

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

21. Seoul has alleged that Craig infringes, directly and indirectly, the '653 patent by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products including without limitation the Craig CLC512E LED television (the "'653 Accused Products"), and by actively inducing others to use, sell, offer for sale, and import the '653 Accused Products.

22. The filing of this action by Seoul, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '653 Patent.

23. Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, any claim of the '653 Patent neither by using, offering for sale or selling in the United States, or by importing into the United States, the '653 Accused Products, nor by actively inducing others to use, sell, offer for sale, or import the '653 Accused Products.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '731 PATENT BY CRAIG

24. Craig realleges and incorporate by reference paragraphs 1 through 13 of this Counterclaim as if fully set forth herein.

25. This is an action for a declaratory judgment of non-infringement by Craig of the '731 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

26. Seoul has alleged that Craig infringes, directly and indirectly, the '731 patent by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products including without limitation the Craig CLC512E LED television (the "'731 Accused Products"), and by actively inducing others to use, sell, offer for sale, and import the '731 Accused Products.

27. The filing of this action by Seoul, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '731 Patent.

LOTT & FISCHER, PL • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

28. Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, any claim of the '731 Patent neither by using, offering for sale or selling in the United States, or by importing into the United States, the '731 Accused Products, nor by actively inducing others to use, sell, offer for sale, or import the '731 Accused Products.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '554 PATENT BY CRAIG

29. Craig realleges and incorporate by reference paragraphs 1 through 13 of this Counterclaim as if fully set forth herein.

30. This is an action for a declaratory judgment of non-infringement by Craig of the '554 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

31. Seoul has alleged that Craig infringes, directly and indirectly, the '554 patent by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products including without limitation the Craig CLC512E LED television (the "'554 Accused Products"), and by actively inducing others to use, sell, offer for sale, and import the '554 Accused Products.

32. The filing of this action by Seoul, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '554 Patent.

33. Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, any claim of the '554 Patent neither by using, offering for sale or selling in the United States, or by importing into the United States, the '554 Accused Products, nor by actively inducing others to use, sell, offer for sale, or import the '554 Accused Products.

**CASE NO. 1:14-CV-22728-SCOLA/Otazo-Reyes**

## COUNT V
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '209 PATENT BY CRAIG

34. Craig realleges and incorporate by reference paragraphs 1 through 13 of this Counterclaim as if fully set forth herein.

35. This is an action for a declaratory judgment of non-infringement by Craig of the '209 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

36. Seoul has alleged that Craig infringes, directly and indirectly, the '209 patent by using, offering for sale and selling in the United States, and by importing into the United States, without authority, products including without limitation the Craig CLC512E LED television (the "'209 Accused Products"), and by actively inducing others to use, sell, offer for sale, and import the '209 Accused Products.

37. The filing of this action by Seoul, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '209 Patent.

38. Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe, directly or indirectly, independently or jointly, literally or under the doctrine of equivalents, any claim of the '209 Patent neither by using, offering for sale or selling in the United States, or by importing into the United States, the '209 Accused Products, nor by actively inducing others to use, sell, offer for sale, or import the '209 Accused Products.

### **PRAYER FOR RELIEF**

WHEREFORE, CRAIG ELECTRONICS, INC. denies that SEOUL SEMICONDUCTOR CO., LTD. is entitled to any relief, including the relief requested by it in its Prayer for Relief. Craig respectfully requests that this Court enter a judgment against Seoul and in favor of Craig:

    A. Finding that Craig has not infringed the '943 Patent, the '653 Patent, the '731 Patent, the '554 Patent, or the '209 Patent;

**15**

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

B. Finding that this case is exceptional, and that Craig be awarded reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

C. Finding that Craig is entitled to costs;

D. Dismissing Seoul's Complaint with prejudice;

E. Denying any damages or injunctive relief to Seoul; and

F. Awarding Craig all other legal and equitable relief as the Court deems just and proper.

Date:  October 7, 2014    Respectfully submitted,

**LOTT & FISCHER, PL**

<u>s/ Ury Fischer</u>
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Adam Diamond
Florida Bar No. 091008
E-mail: adiamond@lottfischer.com
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191


*Attorneys for Defendant Craig Electronics, Inc.*

CASE NO. 1:14-CV-22728-SCOLA/Otazo-Reyes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

s/ Ury Fischer
Ury Fischer

## SERVICE LIST

*Seoul Semiconductor Co., Ltd. v. Craig Electronics, Inc.*
United States District Court, Southern District of Florida
Case No. 1:14-cv-22728-SCOLA/Otazo-Reyes

Service via CM/ECF generated Notices of Electronic Filing:

**Astigarraga Davis Mullins & Grossman, P.A.**
Edward M. Mullins
Fla. Bar No.  863920
E-Mail: emullins@astidavis.com
Regan N. Kruse
Fla. Bar No.  84404
E-Mail:  rkruse@astidavis.com
1001 Brickell Bay Drive, Ninth Floor
Miami, FL  33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

**Radulescu LLP**
David C. Radulescu, Ph.D.*
E-Mail: david@radulescullp.com
Tigran Vardanian*
E-Mail:  tigran@radulescullp.com
Robin M. Davis*
E-Mail:  robin@radulescullp.com
Michael D. Sadowitz*
E-Mail:  mike@radulescullp.com
Daniel Kesack*
E-Mail:  Daniel@radulescullp.com
136 Madison Avenue, 5th Floor
New York, New York
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff Seoul Semiconductor Co., Inc.*