United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Seoul Semiconductor Co., Ltd.. ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Craig Electronics, Inc., Defendant ) | Civil Action No. 14-22728-Civ-Scola |

## Order Granting Motion to Intervene

Enplas Display Device Corporation seeks to intervene as a defendant under Federal Rule of Civil Procedure 24. (ECF No. 39). Defendant Craig Electronics, Inc. does not oppose the intervention (Certificate of Compliance 21, ECF No. 39) but Plaintiff Seoul Semiconductor filed a Response in Opposition to the intervention (ECF No. 41). For the reasons stated below, the Court grants the Motion to Intervene (ECF No. 39) but denies Enplas's request to stay this action.

### A. Background

Seoul Semiconductor instigated the present action against Craig Electronics on July 22, 2014. (Compl., ECF No. 1.) Seoul Semiconductor claims that Craig Electronics infringes on five of Seoul Semiconductor's patents through the "use, sales, offers for sale, making, and importation of infringing LED televisions." (*Id.* ¶ 1.) The parties are engaged in discovery.

Proposed Intervener Enplas Display Device Corporation is a Japanese company that manufactures a patented precision lens used for LEDs (light-emitting diodes). Seoul Semiconductor is a former Enplas lens customer—in 2013 Enplas filed a complaint in California, seeking a declaration that Enplas does not infringe on the '209 and '554 patents at issue in this case. Enplas also seeks a declaration that the two patents are invalid. (Mot. Intervene 3, ECF No. 39.) Claim construction has already been briefed, argued, and is currently pending before the California court. (*See Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, No. 3:13-cv-05038 (N.D. Cal.)). Enplas claims that the products at issue in this case are Enplas products and thus, Seoul Semiconductor is "asserting the same two patents against Enplas products in two different courts." (Mot. Intervene 2, ECF No. 39.) Enplas claims that its lens products are "squarely at issue in both cases" and Craig Electronics "has no direct knowledge of how Enplas' products operate or of their structure." (*Id.*)

**B. Intervention as a Right**

Enplas seeks intervention as a right, and argues that it satisfies the requirements of Federal Rule of Civil Procedure 24(a)(2). A party is entitled to intervention as a matter of right under Rule 24(a)(2), "if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). Enplas must show that "it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Id.* at 1250. Parties meet the standard for intervention as a right when (1) the party's motion is timely; (2) the party has an interest in the subject matter of the litigation; (3) the resolution of the litigation will impact its interests; and (4) the current defendant cannot adequately protect the party's interests. *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989).

First, Enplas's motion is timely—although this action has been pending since last July, Enplas filed its Motion to Intervene less than four weeks after it learned about this action. In addition, the parties are only in the discovery phase, the parties have not participated in mediation yet, and the Motion to Intervene was filed before the claim construction briefing (ECF No. 50).

Second, Enplas has an interest in the subject matter of the litigation because it deals directly with Enplas's lenses. Based on the discovery already conducted in the case, the lenses in this case have been confirmed as Enplas lenses. (Mot. Intervene, ECF No. 39.) A legally protectable interest is "something more than an economic interest." *Mt. Hawley Ins. Co.*, 425 F.3d at 1311. The interest must be one "which *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* (quotation marks and citation omitted, emphasis in original.) A legally protectable interest is an interest that derives from a legal right. *Id.* Enplas asserts a legally protectable interest in establishing that its lenses do not infringe the '554 and '209 patents. Disposing of this action without allowing Enplas to intervene, risks impairing or impeding Enplas's "ability to protect its interest." Fed. R. Civ. P. 24(a)(2).

Third, Enplas faces "substantial prejudice" if it is not permitted to intervene. (Mot. Intervention 11, ECF No. 39.) Enplas explains that without the ability to intervene, this case will determine issues of infringement with respect to Enplas lenses and may damage the market for Enplas's products. If Enplas is not allowed to intervene, it is unable to defend itself against Seoul Semiconductor's infringement claims. Enplas's interest may be "impaired or affected . . . by the disposition of the action, unless it is involved in the case

directly and able to make its positions known." *Honeywell*, 2005 WL 2465898, at *4.

Lastly, Enplas explains—and Craig Electronics does not object—that Craig Electronics is not familiar with the technology used to incorporate the lenses into its product and was not even aware that the lenses were made by Enplas. (Mot. Intervention 11, ECF No. 39.) Seoul Semiconductor's allegations are directed to the structure and function of the lenses and the products— information that Craig Electronics does not have. (*Id.*) Moreover, Enplas points out that Seoul Semiconductor has moved to strike Craig's non-infringement contentions because "Craig offered no support for its non-infringement counterclaims and most of its invalidity defense." (Mot. Strike 11, ECF No. 41.) Without ruling on the merits of Seoul Semiconductor's Motion to Strike at this time, the Court agrees that Seoul Semiconductor cannot credibly claim that Craig is capable of protecting Enplas's interests after already attacking the adequacy of Craig's purported counterclaims and defenses.

Intervention is necessary to enable Enplas to protect their interest in products which they manufacture for Craig Electronics, an "interest put at risk by the litigation as Plaintiffs accuse these products of infringement." *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 12-cv-193, 2014 WL 4445953, at*1 (D. Del. Sept. 8, 2014). Because Enplas designed and manufactured the products, Enplas possesses superior technical knowledge of how the accused devices and their components are configured and operate. *Id.* Intervention will also ensure that Enplas's interests are adequately represented—although Craig Electronics maintains similar interests as Enplas, Craig Electronics is not as well-situated to understand and defend Enplas's products.

### C. Permissive Intervention

Permissive Intervention is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. *Mt. Hawley Ins. Co.*, 425 F.3d at 1312. Under Federal Rule of Civil Procedure 24(b)(1)(B), the Court "must permit anyone to intervene who" requests to do so on a timely motion and "has a claim or defense that shares with the main action."

Even if intervention as a matter of right was not appropriate, Enplas's participation in this action would be appropriate as permissive intervention. The California litigation between Enplas and Seoul Semiconductor concerns two of the same patents as this action and concerns lenses manufactured by Enplas. Enplas "shares" defenses against patent infringement in this action.

### D. Motion to Stay

At this time, a stay is not appropriate and the Court denies without prejudice Enplas's request for a stay. A stay may be practical later if a ruling that may help facilitate the claim construction in this matter is imminent in the California litigation, but at this time a stay is not warranted and the Court will issue a separate scheduling order contemplating Enplas's answer and a revised claim construction briefing schedule.

A partial stay is also inappropriate because the California litigation between Enplas and Seoul Semiconductors will not resolve all issues in this matter. Even if the California litigation produces a finding that each and every asserted claim against the '209 and '554 patents is invalid, there are still remaining claims in this matter that need to be litigated. A partial stay will result in a bifurcated schedule and potentially waste time and resources. In similar situations, courts have found that partial stays are not warranted. *See, e.g.*, *Broadcom Crop. V. SiRF Tech., Inc.*, No. 08-cv-546, 2009 WL 8591845, at *4 (C.D. Cal. Jul. 20, 2009) ("Any benefit in manageability that would come from a partial stay would be offset by the added difficulty of a two-tracked management of this action."); *Network Nokia Corp. v. Apple Inc.*, No. 09-cv-791, 2011 WL 2160904, at *1 (D. Del. Jun. 1, 2011) (holding that a partial stay was not warranted where it "would not simplify the case because the majority of the case" would proceed forward).

### E. Conclusion

Many district courts have allowed manufacturers and suppliers to intervene in actions where their products were the subject of the lawsuit. *See, e.g.*, *Lexington Luminance LLC v. Google, Inc.*, No. 12-cv-12218, 2014 WL 172203, at *1 (D. Mass. Jan. 16, 2014); *Select Retrieval, LLC v. L.L. Bean, Inc.*, 2013 WL 1099754 (D. Me. 2013); *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, 2005 WL 2465898 (D. Del. 2005); *Nikon Corp. v. ASM Lithogrpahy B.V.*, 222 F.R.D. 647 (N.D. Cal. 2004). Here, Enplas has a substantial interest in defending the '554 and '209 infringement claims and intervention would promote judicial efficiency and prevent inconsistent rulings. Accordingly, the Court **grants** the Motion to Intervene (ECF No. 44) but denies the request to stay the case. Enplas is permitted to file an answer by **May 26, 2015.**

**Done and ordered** in chambers, at Miami, Florida, May 12, 2015.

Robert N. Scola, Jr.
United States District Judge